UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLSBERRY,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:20-cv-01934 CKD (SS)<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1969, applied on December 12. 2017 for SSI, alleging disability beginning May 24, 2016.  Administrative Transcript ("AT") 15, 25.  Plaintiff alleged he was unable to work due to asthma, ADHD, inflammation, GERD, muscle spasms, allergies, cholesterol, depression, sleep issues, anxiety, chest pains, and nightmares.  AT 159.

In a decision dated September 19, 2019, the ALJ determined that plaintiff was not disabled.[1] AT 15-26. In her decision, the ALJ noted:

> The claimant previously filed an application for [SSI], which was denied by an administrative law judge's decision dated May 26, 2016. The prior administrative law judge's decision raises a presumption that the claimant continues to be not disabled since that decision under Acquiescence Ruling 97-4(9). However, changed circumstances serve to rebut this presumption. Specifically, the criteria for evaluating opinion evidence has changed effective March 27, 2017 under 20 CFR 416.920c. Accordingly, the undersigned has considered whether to adopt the prior administrative law judge's findings under the new and material evidence standard under Acquiescence Rule 97-4(9).

AT 15. Later in the decision, the ALJ further stated: "While the undersigned generally adopts the

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

prior administrative law judge's findings, new and material evidence warrants not adopting the prior findings in full. Specifically, the claimant has impairments that are not severe." AT 17-18.

The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since December 12, 2017, the supplemental security income application date.
>
> 2. The claimant has the following severe impairments: bilateral carpal tunnel syndrome, obstructive pulmonary disease, hypertension, degenerative disc disease of the cervical and thoracic spine, sleep apnea, depressive disorder, post-traumatic stress disorder, anxiety disorder, personality disorder, substance dependence, anterolisthesis of the lumbar spine, low testosterone, and obesity.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. The claimant has the residual functional capacity to perform light work, except he could occasionally climb ladders, ropes, and scaffolding; he could frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; he could frequently handle and finger with the bilateral upper extremities; he must avoid concentrated exposure to fumes, odors, dust, and environments of poor ventilation; he must avoid heights and around dangerous machinery; he could understand, remember, and apply simple job instructions; he could maintain concentration, persistence, and pace for simple job tasks; and he should avoid working with public contact.
>
> 5. The claimant has no past relevant work.
>
> 6. The claimant was born on XX/XX/1969 and was 48 years old, which is defined as a younger individual 18-49, on the date the application was filed.
>
> 7. The claimant has at least a high-school education and is able to communicate in English.
>
> 8. Jobs exist in significant numbers in the national economy that the claimant can perform.
>
> 9. The claimant has not been under a disability, as defined in the Social Security Act, since December 12, 2017, the date the application was filed.

AT 17-26.

////

////

ISSUES PRESENTED

As a preliminary matter, plaintiff argues that the Commissioner denied him his right to procedural due process by failing to provide some of the records underlying the prior ALJ's decision in 2016.

As to the 2019 decision, plaintiff argues that the ALJ committed the following errors: (1) the ALJ failed to consider plaintiff's age under the "borderline age rule"; (2) the ALJ improperly discounted plaintiff's subjective allegations; (3) the ALJ improperly evaluated the medical and other source evidence; and (5) the RFC finding was not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

      A.  The Record Underlying the 2019 Decision

The decision at issue in this case is ALJ Gillis' September 2019 denial of plaintiff's December 2017 application for SSI, alleging disability since May 2016.  AT 15.  As noted above, ALJ Gillis addressed plaintiff's prior application for SSI, denied by another ALJ (ALJ Duran) in May 2016.  AT 15.  While ALJ Gillis "generally adopt[ed]" ALJ Duran's findings, she found that "material evidence warrants not adopting the prior finding in full."  AT 17.  Specifically, at step two, ALJ Gillis found some of the impairments that were severe in the previous decision to be non-severe based on the updated record.  AT 15, 17-18.  For example, ALJ Duran found an MRSA infection to be severe in his 2016 decision (AT 117), but ALJ Gillis found it non-severe based on evidence that it had been successfully treated with antibiotics and warm compresses.  AT 18.

Plaintiff asserts that "[t]his case concerns two applications for Social Security disability, the first in 2014 and a second in 2016.  [ALJ Gillis] adopted the first [decision] 'in part,' rejecting the non-severe impairments.  Both of the hearings and decisions were included in the certified administrative record.  However, the medical records, evaluations, and testing from the first application were omitted."  (ECF No. 21 at 7.)

Plaintiff continues:

> The omitted records contain cognitive testing, audiological evaluation, statements from sixteen medical sources and third-party statements which are not duplicated.  These were relevant to Allsberry's disability. . . .
>
> Allsberry asked the omitted records to be placed in the district court file.  The Commissioner refused . . .
>
> The ALJ's decision is based on the former case.  Allsberry is entitled to understand what evidence was used to make the ALJ's decision.  Without those records[,] this case is not reviewable.  Therefore, Allsberry was denied due process which constitutes legal error.

ECF No. 21 at 7, 15-16.[2]

---

[2] Citations to the docket refer to page numbers assigned by the court's ECF system.

Defendant responds as follows:

> Plaintiff previously applied for SSI in February 2014, which was denied by ALJ Lawrence Duran, and became final when the Appeals Council denied review.[3] Pursuant to the Ninth Circuit's holding in Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988), the agency issued Acquiescence Ruling (AR) 97-4(9) to apply to cases, like here, involving a subsequent disability claim with an unadjudicated period arising under the same title of the Act as a prior claim on which there has been a final decision by an ALJ or the Appeals Council that the claimant is not disabled. AR 97-4(9) states that, in such cases, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to that period, unless the claimant rebuts the presumption, by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period. If a claimant rebuts the presumption, adjudicators must then give effect to certain findings on the prior claim, unless there is new and material evidence relating to such a finding, or there has been a change in the law, regulations, or rulings affecting that finding.
>
> Here, ALJ Gillis determined that a change in the evaluation of mental impairments constituted a 'changed circumstance.'[4] Pursuant to AR 97-4(9), ALJ Gillis only adopted certain findings from the previous decision because of new and material evidence. <u>While these findings may have been adopted from the previous decision, they were not dependent on medical evidence from Plaintiff's previous claim, but rather based on evidence in the current claim. Indeed, all of the ALJ's findings were based only on evidence that was contained in the record.</u> . . . [F]or this reason, the previous records were not required.

(ECF No. 22 at 7-8; emphasis added.)

Defendant's reasoning is persuasive. Contrary to plaintiff's argument in his reply, it does not appear from ALJ Gillis' decision that she considered the medical records underlying ALJ Duran's 2016 decision on plaintiff's 2014 application for disability benefits. Rather, ALJ Gillis based her decision on the record before her, which concerned plaintiff's 2016 application for disability benefits, and adopted only those of ALJ Duran's findings that were supported by the current record. See, e.g., AT 20 ("New and material evidence warrants not adopting the prior administrative law judge's finding."). As plaintiff has had access to the full record relevant to his appeal of ALJ Gillis' decision, he has not shown legal error on this basis.

---

[3] Citing AT 115-133, 134-138.

[4][4] Citing AT 15; see 20 C.F.R. § 416.920c.

B.  Consideration of Plaintiff's Age under "Borderline Age Rule"

ALJ found that plaintiff "was 48 years old, which is defined as a younger individual age 18-49, <u>on the date the application was filed</u>." AT 25 (emphasis added). Plaintiff points out that the ALJ should have used the date of the decision (September 24, 2019) when determining plaintiff's age. See Campbell v. Astrue, 2011 WL 1459168, *3 (E.D. Cal. April 15, 2011) ("[T]he operative age is the age at the time of the Commissioner's decision, rather than the alleged onset disability date."), citing Russell v. Bowen, 856 F.2d 81, 83 (9th Cir. 1988). On that date, plaintiff was roughly two weeks from his 50th birthday. AT 25. Plaintiff argues that the ALJ should have applied the "borderline age rule" under 20 CFR § 404.1563(b) to determine whether he should have been treated as age 49 or 50 for purposes of the disability analysis, and that failure to do so was harmful error.

At step five of the disability analysis, the burden shifts to the Social Security Administration to demonstrate that the claimant is not disabled and that he or she can engage in some type of substantial gainful activity that exists in "significant numbers" in the national economy. In doing so, the ALJ considers the fact that the claimant cannot do any work that he or she has done in the past because of a severe impairment, considers the claimant's residual functional capacity, the claimant's age, education, and work experience, and determines whether the claimant can do any other work in the national economy. See 20 C.F.R. §§ 404.1520(f) & 416.920(f).

The ALJ's use of plaintiff's age in making a disability determination is governed by Title 20 of the Code of Federal Regulations section 404.1563. In pertinent part, the regulation states:

> In determining the extent to which age affects a person's ability to adjust to other work, we consider advancing age to be an increasingly limiting factor in the person's ability to make such an adjustment .... We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case .... If you are closely approaching advanced age (age 50–54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work. We consider that at advanced age (age 55 or older), age significantly affects a

> person's ability to adjust to other work. We have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60 or older).

20 C.F.R. § 404.1563(a)-(b) & (d)-(e).

"Where a claimant is within a few days or a few months of reaching an older age category (a 'borderline situation'), an ALJ has discretion, but is not required, to use the older age category." Lockwood v. Comm'r, 616 F.3d 1068, 1069 (9th Cir. 2010). "Although an ALJ is required by regulation to consider whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category." Id. at 1070 (emphasis in original); see also Barreras v. Saul, 803 F.3d Appx. 70, *1 (9th Cir. Feb. 6, 2020).

Thus, the question is whether the ALJ considered whether to use an older age category for plaintiff. The Ninth Circuit found that the ALJ satisfied the consideration requirement in Lockwood because: (1) the ALJ mentioned plaintiff's age as of the date of decision, (2) the ALJ cited § 1563 prohibiting mechanical application of age categories in a borderline situation, and (3) the ALJ evaluated the overall impact of all the factors in the claimant's case by relying on the testimony of a vocational expert. Hardin v. Colvin, 2016 WL 6155906, *4 (C.D. Cal. Oct. 21, 2016), citing 616 F.3d at 1071-72. Federal courts in California "have analyzed the three factors identified by Lockwood to determine whether there is enough evidence to find that the ALJ considered the borderline age issue." Janice B.R. v. Saul, 2019 WL 4140921, **3-4 (Aug. 29, 2019) (collecting cases).

Here, the ALJ failed to mention plaintiff's age on September 24, 2019, the date of the decision and a few weeks from his 50th birthday. Rather, she erroneously determined his age as of the December 12, 2017 application date, when he was 48 years old and classified as a "younger individual." AT 25. Thus, the first factor is not met. Second, the ALJ did not cite 20 C.F.R. § 404.1563 (the "borderline age rule") in her decision, suggesting she did not find it applicable to plaintiff's case. As to the third factor, the ALJ relied on VE testimony about the impact of multiple factors on plaintiff's ability to work. However, at the August 6, 2019 hearing on plaintiff's claims, the ALJ made no mention of the borderline age rule or plaintiff's approaching

8

50th birthday to the VE.[5]  AT 65-68.  This suggests that plaintiff's upcoming change in age category was not considered, either at the hearing or in the decision.  Thus, the third factor is not met.  See, e.g., Parks v. Colvin, 2015 WL 8769981, *4 (C.D. Cal. Dec. 14, 2015) (where ALJ never asked VE to consider a hypothetical claimant closely approaching advanced age, and the VE never suggested her testimony was in regard to such a claimant, ALJ's reliance on VE testimony did not show consideration of the borderline age issue); Hardin, supra, at *5 (where VE never considered the borderline age issue, despite plaintiff's being days from his 55th birthday on the date of decision, ALJ's finding, based on VE testimony, that someone of plaintiff's age could perform work in the national economy was not supported by substantial evidence).

Based on the foregoing, plaintiff is entitled to summary judgment on this claim.[6]

### C. Harmless Error

Defendant contends that, even if the ALJ had used the older age category, plaintiff would have been found 'not disabled' under the grids, making the ALJ's error harmless. That determination is not for the court to make on the current record, however.  Rather, in cases where the ALJ failed to properly consider a claimant's borderline age, courts have remanded the matter for further proceedings.  See, e.g., Janice B.R., supra, at *4 ("It is the ALJ (not this Court) who possesses the discretion to determine whether Plaintiff should be placed in the older age category, but the ALJ here did not consider that issue"; remanding for further proceedings); Hardin, supra, at *6 (record before the court was inadequate to determine whether ALJ's error was harmless; remanding for further proceedings); Parks, supra, at *5 (remanding for further development of the record on the borderline age issue).  Thus, the undersigned will remand this matter for development of the record on the borderline age issue and further proceedings.

////

////

////

---

[5] Based on the VE's testimony, the ALJ determined that plaintiff could perform the requirements of representative occupations such as laundry sorter, marker, and hand packager.  AT 26.

[6] The court does not reach the remaining claims.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21) is granted;

2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is denied;

3. Judgment is entered for plaintiff; and

4. This matter is remanded for further administrative proceedings consistent with this order.

Dated:  February 17, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/allsberry1934.ssi.ckd